NO. 07-11-00302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2012

JOSH CORONADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT OF DEAF SMITH COUNTY;

NO. 2010-00327; HONORABLE TOM SIMONS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF DISMISSAL**

Appellant Josh Coronado appeals his conviction and sentence for the offense of assault-family violence. The clerk's record and reporter's record were due for filing in this court by November 16, 2011. Neither was filed.

On November 15, the reporter filed a request for additional time to file the reporter's record on the grounds that appellant had not designated the record and had not paid or made arrangements to pay for it. By letter, we directed appellant's counsel to file a written notice within ten days indicating he had designated the reporter's record

and appellant had made acceptable payment arrangements for its preparation. The notice was not filed.

Then on December 14, the trial court clerk requested an extension of time for filing the clerk's record, advising us appellant had not paid or made arrangements to pay for the clerk's record. By letter of that day, we ordered appellant to pay for the clerk's record and reporter's record within ten days. We also admonished the parties that if appellant's counsel had not advised us in writing within fifteen days that acceptable payment arrangements for the preparation of the clerk's record were made, the appeal would be dismissed for want of prosecution. Tex. R. App. P. 37.3(b). The period lapsed without further communication from appellant.

Appellate Rule 37.3(b) authorizes dismissal of a criminal case for want of prosecution if no clerk's record is filed due to the appellant's fault, provided the appellant is not entitled to proceed without payment of costs and has a reasonable opportunity to cure the omission before dismissal. Here the information form filed in this court by the clerk of the trial court states that appellant was not declared unable to pay costs on appeal and his attorney is retained. Appellant received notice of his omission and a reasonable opportunity to cure, but he did not respond. This appeal is therefore dismissed for want of prosecution. Tex. R. App. P. 37.3(b).

It is so ordered.

Per Curiam

Do not publish.

2